UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ONESSIMUS M. GOVEREH,

       Petitioner,

v.

MICHEAL PUGH,

       Respondent.

_____/

Case No. 2:12-cv-10913

HONORABLE DENISE PAGE HOOD

**OPINION AND ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS; DENYING PETITIONER'S MOTION TO APPOINT
COUNSEL [DKT. 8] AND FOR PRODUCTION OF RECORDS [DKT. 15];
AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Onessimus M. Govereh ("Petitioner") challenges his 2004 plea-based conviction of uttering and publishing, for which he was sentenced to time served and two years probation. He is currently in federal custody in Ohio and listed on absconder status until he returns to Michigan to complete his probation.

The petition raises the following claim for relief:

I.      Petitioner was denied the effective assistance of counsel when his trial counsel failed to accurately inform him of the immigration consequences of pleading guilty.

Upon review of the entire record, the Court finds that the habeas petition fails to state a claim for habeas relief.  The Court will therefore deny the petition.

## I.  BACKGROUND

Petitioner, a citizen of Zimbabwe, was admitted to the United States in 1998 on an F-1 student visa to attend Lansing Community College in Lansing, Michigan.  On August 12, 2003, Petitioner was arraigned in Washtenaw County Circuit Court on two felony counts

of forgery and uttering and publishing.  The charge arose from a bad check for $488.00 that Petitioner allegedly presented at Busters Food Market on February 6, 2003.

On January 12, 2004, Petitioner pled no contest to one count of uttering and publishing, a fourteen year felony, in exchange for dismissal of a second count and an agreement that he would be given a personal recognizance bond.  Petitioner was sentenced on May 6, 2004 to three years probation and time served.

On June 16, 2004, an immigration judge entered an order of deportation after finding Petitioner had been convicted of a crime involving moral turpitude within five years of the date of admission.  A warrant of removal/deportation was entered on August 6, 2004.

Petitioner did not file a direct appeal of his uttering and publishing conviction.  On July 7, 2011, more than seven years after his conviction, Petitioner filed a motion for relief from judgment with the trial court.  In this motion, Petitioner argued that he was denied the effective assistance of counsel with regard to his no contest plea because his trial counsel failed to properly advise him of the consequences of his plea on his immigration status. Petitioner asserts that he is innocent, that he pled guilty because his attorney told him that she wasn't ready for trial, and that she incorrectly informed him that he would not be deportable even if he accepted the plea, even though he had earlier pled guilty to attempted uttering and publishing, another felony, because the aggregate sentences for both convictions would be less than one year.

The trial court denied Petitioner's motion for relief from judgment in a form order on September 1, 2011. *People v. Govereh*, No. CRW-03-462 FH (Washtenaw Co. Cir. Ct. Sept. 1, 2011).  Petitioner filed an application for leave to appeal this order in the Michigan Court of Appeals, which was denied by the Michigan Court of Appeals on November 8, 2011 for failing to met the burden of establishing entitlement to relief under Mich. Ct. R.

2

6.508(D). *People v. Goverh*, No. 306294 (Mich. App. Nov. 8, 2011). Petitioner did not appeal this denial to the Michigan Supreme Court. *See Affidavit of Corbin R. Davis* (Dkt. 18-7).

Petitioner filed his federal habeas petition in February, 2012.

## II.  STANDARD OF REVIEW

28 U.S.C. §2254 permits a federal court to entertain an application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

## III.  ANALYSIS

### A.  Procedural Default

Petitioner did not raise his habeas claim on direct appeal. Instead, his habeas claim was raised in his motion for relief from judgment. The trial court denied Petitioner's motion for relief from judgment, and the Michigan Court of Appeals denied Petitioner's application for leave to appeal. Petitioner, however, did not apply for leave to appeal with the Michigan Supreme Court and his time for applying for leave has elapsed. *See* Mich. Ct. R. 7.105. Respondent asserts that Petitioner has therefore procedurally defaulted his habeas claim and habeas relief is barred.

Under the procedural default doctrine, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1316 (2012).  A habeas petitioner procedurally defaults a claim when:

> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

3

*Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010) (citation omitted).

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. §2254(b)(1). This requirement generally is satisfied if the petitioner "invoke[s] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan,* 526 U.S. at 845, 847; *see also Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009) (noting that the exhaustion doctrine requires petitioners to fairly present their claims to the Michigan Court of Appeals and to the Michigan Supreme Court).

Petitioner presented his habeas claim to the Michigan Court of Appeals on direct appeal, but did not file an application for leave to appeal with the Michigan Supreme Court. Because Petitioner did not raise his habeas claim in the Michigan Supreme Court, he did not exhaust his claim with the state courts. But Petitioner no longer has a state remedy to exhaust because he has missed the state supreme court's filing deadline on direct review and the only post-conviction remedy available to him is to file a motion for relief from judgment. See Mich. Ct. R. 6.502, 7.105(f). Petitioner has already filed one motion for relief from judgment, and he may not file another one because his claim is not based on a retroactive change in the law or on "new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(g)(1),(2). Consequently, Petitioner's claim must be deemed exhausted, but procedurally defaulted. *See Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). Federal habeas relief for Petitioner's procedurally defaulted claims is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner's habeas claim is procedurally defaulted. However, while the procedural default doctrine precludes habeas relief on a defaulted claim, it is not jurisdictional. *Trest v. Cain*, 522 U.S. 87, 89 (1997). Rather than relying on a procedural default, a federal habeas court may elect to resolve the claim on the merits. *Pudelski*, 576 F.3d at 606. In this case, the merits are easily resolvable against Petitioner and therefore the Court elects to proceed to the merits.

### B.  Petitioner's Habeas Claim

Petitioner claims that his trial counsel was constitutionally ineffective in that she failed to properly inform him of the immigration consequences of pleading no contest to uttering and publishing. He asserts that he would not have pled guilty if his trial counsel had correctly advised him that he would be subject to deportation in the event of a no contest plea. He asserts that this failure constitutes ineffective assistance of counsel and entitles him to habeas relief under the holding of the United States Supreme Court in *Padilla v. Kentucky*, 559 U.S. 356 (2010).

To establish ineffective assistance of counsel, a petitioner must show both that his counsel made errors that were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if the court, using a "highly deferential" review, finds the representation "fell below an objective standard of reasonableness." *Id.* at 688-89. Prejudice is established where a petitioner shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.   The petitioner must demonstrate both deficient performance and prejudice in order to be entitled to relief.  *Id.* at 687.

In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the United States Supreme Court held that the failure of an attorney to advise a criminal defendant of the risk of deportation following a guilty plea constitutes ineffective assistance of counsel.  Petitioner argues that *Padilla* applies retroactively to his 2004 no contest plea.

Petitioner's habeas claim lacks merit.  In *Chaidez v. United States*, __ U.S. __, 133 S. Ct. 1103 (2013), the Supreme Court held that the decision in *Padilla* does not apply retroactively to cases on collateral review.  The Supreme Court based its decision on *Teague v. Lane*, 489 U.S. 288 (1989), in which the Supreme Court held that a state prisoner collaterally attacking his conviction may not rely on a new constitutional rule announced after his conviction became final. *Teague,* 489 U.S. at 310-11.  The Supreme Court concluded in *Chaidez* that *Teague* barred the retroactive application of *Padilla* on collateral review, because *Padilla* announced a "new rule." *Chaidez*, 133 S. Ct. at 1113. Therefore, Petitioner is not entitled to habeas relief based on *Padilla* if his conviction was final at the time *Padilla* was decided.

"A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).   In the present case, Petitioner was sentenced on May 6, 2004. Under Mich. Ct. R. 7.205(F)(3), as it was in effect at the time of Petitioner's judgment of sentence, petitioner had twelve months from entry of judgment to seek appellate review with the Michigan Court of Appeals.  Petitioner

6

never filed a direct appeal with the Michigan Court of Appeals.  When an appeal to the Michigan Court of Appeals is delayed by more than twelve months after judgment, a defendant's appeal is foreclosed and he or she is limited to the post-appeal relief provisions of Mich. Ct. R. 6.501, *et. seq. People v. Ward*, 459 Mich. 602, 614 (1999).  Because Petitioner never filed a direct appeal with the Michigan Court of Appeals, his conviction became final, for purposes of a *Teague* analysis, on May 6, 2005, when the one year period for seeking leave to appeal with the Michigan Court of Appeals expired. *See Wheeler v. Jones*, 226 F.3d 656, 660 (6th Cir. 2000) (petitioner's conviction became final when his ability to file appeal of right expired).  *Padilla* was not decided by the United States Supreme Court until almost five years later, on March 31, 2010.

Petitioner's conviction became final prior to the issuance of the *Padilla* decision. Because *Padilla* does not apply retroactively to cases on collateral review, the *Padilla* rule, applying the Sixth Amendment right to counsel to an attorney's advise about the immigration consequences of a plea, is inapplicable to petitioner's case.  Petitioner is therefore not entitled to habeas relief on his claim.

Petitioner has failed to allege facts showing that he is being held in custody in violation of the Constitution or laws or treaties of the United States.  The Court will therefore dismiss the petition for writ of habeas corpus.

## IV. MOTIONS FOR APPOINTMENT OF COUNSEL
## AND PRODUCTION OF RECORDS

Petitioner has also filed motion for appointment of counsel and for the production of records.

### A.

There is no constitutional right to the appointment of counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[o]ur cases establish that the right

7

to appointed counsel extends to the first appeal of right, and no further"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("a petitioner does not have a right to assistance of counsel on a habeas appeal") (*citing McCleskey v. Zant*, 499 U.S. 467, 495 (1987)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); see Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts.  Otherwise, the matter lies within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  An indigent habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a) (2)(B). In this case, even accepting Petitioner's allegations as true, his petition does not state a claim for habeas relief. The interests of justice therefore do not require the appointment of counsel.  Petitioner's motion for appointment of counsel will be denied.

Petitioner has also moved for the production of documents to aid him in further briefing, because he states that some of his documents were misplaced in a prison move. The petition fails to state a claim for habeas relief on its face, even assuming all facts in the petition to be true. Petitioner's motion for production of documents will therefore be denied as moot.

## V.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find

the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  A certificate of appealability is not warranted.

VI. ORDER

**WHEREFORE** it is hereby **ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.  It is further **ORDERED** that a certificate of appealability is **DENIED**.   Petitioner's Motion to Appoint Counsel [Dkt. 8] and Motion for Production of Records [Dkt. 15] are **DENIED**.

**SO ORDERED**.

                                        s/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated:  March 20, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2013, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager